# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist RYAN C. DOWNS**
**United States Army, Appellant**

ARMY 20120570

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel Daniel G. Brookhart, Staff Judge Advocate (pretrial)
Lieutenant Colonel John A. Hamner, Staff Judge Advocate (post-trial)

For Appellant: Colonel Kevin Boyle, JA; Major Vincent T. Shuler, JA; Lieutenant Colonel Katherine A. Lehmann, JA (on brief); Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Patrick J. Scudieri, JA (on reply brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sean Fitzgibbon, JA; Captain Jaclyn E. Shea, JA (on brief).

28 August 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of aggravated sexual assault, wrongful sexual contact, and assault consummated by battery in violation of Articles 120 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 928 (2006 and Supp. III 2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for seventy-eight months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for sixty months, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant's sole assignment of error alleges ineffective assistance of counsel at the presentencing hearing for failure "to conduct a proper investigation and present vital evidence to the military judge." Additionally, pursuant to *United States v.*

DOWNS—ARMY 20120570

*Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally alleges that his defense counsel's lack of preparation for a contested trial led appellant to plead guilty despite his desire to plead not guilty.[*]  These issues of ineffective assistance of counsel merit discussion but no relief.

## BACKGROUND

In support of the assigned error, appellant submitted an affidavit wherein he claims his detailed military defense counsel "did not create the impression that he was putting forth significant effort on [appellant's] behalf."  So, appellant also retained Mr. KS and Mr. GG as civilian defense counsel and avers that they also "seemed unprepared for a contested trial" which "played a significant role in my decision" to plead guilty.  Additionally, appellant swears, "At trial, I was still under the impression Mr. [KS] would call some of my family members as sentencing witnesses and was surprised when he did not call any of them or SGT [CH]."

Along with his affidavit, appellant submitted nine affidavits (four from family members, three from civilian friends, and two from fellow soldiers).  All affiants hold a favorable opinion of appellant and were willing to provide, if called to the stand, favorable testimony regarding his rehabilitative potential and character.  Some refer to their surprise upon not being asked to provide such testimony at appellant's court-martial.  In response to this court's order, all three of appellant's trial defense counsel—Captain TH, Mr. KS, and Mr. GG—submitted affidavits.

The affidavits of the three trial defense counsel refute appellant's claim of lackadaisical preparation and instead attest to their preparation for trial, their efforts and investigation regarding this case, communications with appellant, and their interaction with his family members and other proposed character witnesses.  Defense counsel also provide explanation for the extenuation and mitigation evidence they did present during presentencing as well as explanation for the witnesses they chose not to call.  Attached to the affidavits are several notes, e-mails, and forms which document their efforts on behalf of appellant as well as appellant's personal decision regarding choice of forum, personal decision to plead guilty, and personal decision regarding his unsworn statement during presentencing.

In reply to his trial defense counsel's affidavits, appellant submitted five additional signed statements, all from people who had previously submitted affidavits.  An additional sworn statement from appellant himself claims he told both civilian and military counsel that he wanted his family members and certain others to testify during the presentencing portion of his trial and was surprised when they did not.

---

[*] Also pursuant to *Grostefon*, 12 M.J. 431, appellant personally raises the issue of an inappropriately severe sentence.  This issue does not merit discussion or relief.

2

**LAW AND DISCUSSION**

Claims of ineffective assistance of counsel are reviewed de novo. *United States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011). In evaluating allegations of ineffective assistance of counsel, we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard requires appellant to demonstrate: (1) that counsel's performance was deficient, and (2) that this deficiency resulted in prejudice. *Id*. Appellant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The relevant issue is whether counsel's conduct failed to meet an "objective standard of reasonableness" such that it fell outside the "wide range of professionally competent assistance." *Id*. at 688, 690. "On appellate review, there is a 'strong presumption' that counsel was competent." *United States v. Grigoruk*, 56 M.J. 304, 306-307 (C.A.A.F. 2002) (citing *Strickland*, 466 U.S. at 689). The following three questions are utilized to determine if this presumption has been overcome and resulted in prejudice:

> (1) Are appellant's allegations true; if so, "is there a reasonable explanation for counsel's actions?";
>
> (2) If the allegations are true, did defense counsel's level of advocacy fall "measurably below the performance . . . [ordinarily expected] of fallible lawyers?"; and
>
> (3) If defense counsel was ineffective, is there a "reasonable probability that, absent the errors," there would have been a different result?

*Id.* at 307 (citing *United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991).

*Claim that Ineffective Assistance of Counsel Led Appellant to Plead Guilty Against His Desire*

First, we determine if a post-trial evidentiary hearing is required with respect to this particular claim of ineffective assistance of counsel. It is not.

> [W]hen an appellate claim of ineffective representation contradicts a matter that is within the record of a guilty plea, an appellate court may decide the issue on the basis of the appellate file and record (including the admissions made in the plea inquiry at trial and appellant's expression of satisfaction with counsel at trial) unless the appellant sets forth facts that would rationally explain why he would have made such statements at trial but not upon appeal.

3

*United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). In his pretrial offer to plead guilty, appellant acknowledged in writing that he was satisfied with both military and civilian defense counsel, nobody had forced or coerced him into offering to plead guilty, and he understood his "legal and moral right to plead not guilty." Furthermore, on no less than ten occasions before the military judge entered findings of guilty, appellant admitted in open court and under oath that he was satisfied with defense counsel, he had consulted fully with them, he had enjoyed sufficient time and opportunity to receive the full benefit of their advice, and he desired to plead guilty and was doing so voluntarily and of his own free will. Appellant has provided no rational explanation as to why he would have mischaracterized his level of satisfaction with his defense counsel and his decision to plead guilty and enter into a pretrial agreement with the convening authority.

Trial defense counsel were not ineffective, and their preparation and performance did not lead to an involuntary plea of guilty.

*Claim that Defense Counsel Were Ineffective at*
*Appellant's Presentencing Hearing*

First, we determine if a post-trial evidentiary hearing is required with respect to this particular claim of ineffective assistance of counsel. It is not.

With respect to the complaint of failure to call to the stand witnesses from whom appellant desired to have testimony, we refer to the first *Ginn* principle:

> [I]f the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor, the claim may be rejected on that basis.

*Ginn*, 47 M.J. at 248. The decision concerning who is to testify is one of a strategic or tactical nature. *United States v. Paxton*, 64 M.J. 484, 490 (C.A.A.F. 2007). It is well-established that we will not second-guess decisions of that type by defense counsel. *United States v. Morgan*, 37 M.J. 407, 410 (C.M.A. 1993). We are satisfied that trial defense counsel made a "reasoned tactical decision" to use the testimony of SSG JP at sentencing and not use the testimony of other potential witnesses whom they had contacted and with whom they had conversed. *United States v. Weathersby*, 48 M.J. 668, 673 (Army Ct. Crim. App. 1998). According to trial defense counsel's affidavits, appellant told many, if not all, of these witnesses that his victims were not credible and that he had done nothing wrong. Failure to call witnesses who did not believe appellant even committed the crimes to which he pleaded guilty and who could have potentially undercut a mitigation strategy of "accepting responsibility and expressing sincere remorse" was not ineffective assistance of counsel.

4

With respect to the complaint of insufficient investigation and preparation, we refer to the fourth *Ginn* principle:

> [I]f the affidavit is factually adequate on its face but the appellate filings and the record as a whole "compellingly demonstrate" the improbability of those facts, the Court may discount those factual assertions and decide the legal issue.

*Ginn*, 47 M.J. at 248. Here, the appellate filings include trial defense counsel's e-mails discussing trial preparation, notes from multiple witness interviews, and other documents evincing their preparation for trial as well as their consultation and communication with appellant.

Furthermore, the military judge explained and appellant understood his extenuation and mitigation rights at trial, to include calling witnesses. Despite being informed he could withdraw his pleas of guilty at any time before the sentence was announced, appellant did not do so nor did he voice any displeasure with his counsel's performance during presentencing. Then, the military judge also explained and appellant stated he understood his post-trial rights to include his opportunity to "submit just about anything you want the convening authority to consider." Despite this understanding, in his personal letter submitted to the convening authority pursuant to Rule for Courts-Martial 1105, appellant again voiced no displeasure with his counsel's performance during presentencing. Defense counsel's investigation of this case, preparation for trial, the successful negotiation of a beneficial pretrial agreement, and presentation of presentencing evidence was not ineffective.

## CONCLUSION

On consideration of the entire record, the submissions of the parties, and those matters personally raised by appellant pursuant to *Grostefon*, 12 M.J. 431, the findings of guilty and the sentence are AFFIRMED.

Senior Judge COOK and Judge TELLITOCCI concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5